UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUA THOR (A-023-881-074),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-01822-DJC-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  ECF No. 4.  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

In his petition for writ of habeas corpus, petitioner alleges he is a citizen of Laos who entered the United States on an unknown date.  ECF No. 1 at 2.  He alleges that, in May 2001, he was ordered removed back to Laos and placed under an order of supervision pending his removal.  *Id*. at 2-4.  On December 15, 2025, he was arrested by Immigrations and Customs Enforcement (ICE) and is currently detained.  *Id*. at 4.  He alleges that ICE has, at present, secured no travel

1

documents for petitioner's removal to Laos.  *Id*. at 2.

In their return to the petition, respondents do not dispute that petitioner is a citizen and native of Laos who is subject to a final order of removal.  ECF No. 9 at 2.  Respondents represent, with supporting documentary evidence, that petitioner entered the United States as a child refugee in 1980 and, in February 2021, he was ordered removed by an Immigration Judge.  *Id*. at 2 & Exs. 1-2.  That removal order was not appealed and is final.  *Id*. at 2 & Exs. 3-4.  In 1994, petitioner was convicted of multiple felonies in California state court and sentenced to twenty-five years-to-life.  *Id*. at 2 & Ex. 1.  He was released from incarceration and, relative to his removal order, was required to check in at ICE offices.  *Id*. at 2.  On December 15, 2025, an ICE agent arrested petitioner when petitioner appeared at the ICE offices for a check-in appointment.  *Id*.  Per respondents, petitioner was arrested "based upon his final order of removal."  *Id*. at 2 & Ex. 1.  Respondents represent that, "ICE advised that they are in the process of procuring travel documents for Petitioner to be removed to Laos" and that petitioner remains currently detained pursuant to 8 U.S.C. § 1231(a)(6).  *Id*. at 2.

In his traverse, petitioner does not dispute most of respondents' factual representations.  Petitioner additionally represents that he was incarcerated by the California Department of Corrections and Rehabilitation (CDCR) from 1994 until his release on parole on January 7, 2021.  ECF No. 10 at 2.  Just prior to his release on parole, on January 6, 2021, he was placed in immigration removal proceedings and issued a Notice to Appear.  *Id*.  As a result, when he was released from CDCR custody on January 7, 2021, he was placed into immigration custody pending the competition of removal proceedings.  *Id*.  On February 10, 2021, removal order issued; petitioner does not dispute that he did not appeal this order and it is final.  *Id*.  He remained in immigration custody until May 12, 2021, when he was released on an order of supervision.  *Id*.  Petitioner successfully completed his term of parole relating to his California criminal convictions in January 2024.  *Id*. at 2-3.  Simultaneously, and until his arrest by ICE in December 2025, he also complied with the terms of his supervision in his immigration proceeding.  *Id*.  Petitioner also obtained his authorization to work in the United States from February 2022 through February 2025.  *Id*. at 3; *see also* ECF No. 1 at 28.  He represents that,

2

since his arrest by ICE on December 15, 2025, he has not been given a bond hearing.  ECF No. 10 at 3.

### B.  Procedural Background

Petitioner initiated this action pro se on March 6, 2026.  ECF No. 1.  On March 9, 2026, the matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  ECF No. 4.  The undersigned appointed counsel for petitioner on March 17, 2026.  ECF No. 6.  On April 2, 2026, respondents filed a return to the petition, ECF No. 9, and, on April 10, 2026, petitioner filed a traverse.  ECF No. 10.

### LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *See, e.g.*, *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

### DISCUSSION

In his petition, petitioner asserts four claims for relief.  In his first claim, he alleges that his continued detention violates his Fifth Amendment due process rights because there is no significant likelihood that he will be removed in the foreseeable future.  ECF No. 1 at 14-15.  He alleges in his second claim that his removal to a third country would violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations, and the Administrative Procedures Act.  *Id*. at 15-16.  In his third claim, petitioner alleges that his removal to a third country would violate his rights under the Fifth and Eighth Amendments.  *Id*. at 16-17.  In his fourth claim for relief, petitioner alleges that his continued detention violates the due process clause of the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedures Act.  *Id*. at 18-19.  As relief, petitioner requests immediate release; an order enjoining respondents from removing petitioner to a third country; and an order enjoining respondents from removing petitioner while his application for pardon from the Governor of California is pending.

3

The undersigned finds petitioner has demonstrated his entitlement to relief on his first and fourth claims and recommends the writ be granted.

**1. Claim One**

In petitioner's first claim for relief, he alleges that his continued detention violates his Fifth Amendment due process rights. ECF No. 1 at 14-15. The undersigned finds petitioner has shown his entitlement to habeas corpus relief by a preponderance of the evidence.

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). "In particular, § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." *Id.* "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id.* at 578-79 (quoting 8 U.SC. § 1231(a)(6)).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 684-86). Recognizing that a statute that permitted indefinite civil detention would run afoul of the due process clause of the Fifth Amendment, the Supreme Court "read an implicit limitation" into the statute "in light of the Constitution's demands," holding that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Rather,

> [a]fter [a presumptively reasonable] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701.

Here, the parties do not dispute that petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6). ECF No. 1 at 9; ECF No. 9 at 2-3. The parties also do not dispute that petitioner has been in custody pursuant to 8 U.S.C. § 1231(a)(6) from December 15, 2025 to the present, reflecting his having spent 133 days in detention since that date. ECF No. 1 at 4; ECF No. 9 at 2. Petitioner argues that this period must be aggregated with petitioner's prior period of detention under 8 U.S.C. § 1231(a)(6), which occurred in 2021. ECF No. 10 at 4. The undersigned agrees. As many courts have held, this approach is proper under *Zadvydas*, 533 U.S. 678, as a contrary holding would permit "a series of releases and re-detentions by the government . . . in essence result[ing] in an indefinite period of detention, albeit executed in successive six-month intervals," which would be constitutionally impermissible under *Zadvydas*. *Chen v. Holder*, No. 6:14-cv-02530-PJH, 2015 WL 13236635, at *2 (W.D. La. Nov. 20, 2015); *see also Nguyen v. Andrews*, No. 1:26-CV-00015-DAD-SCR, 2026 WL 412183, at *2 (E.D. Cal. Feb. 13, 2026); *Nguyen v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-1708 AC P, 2026 WL 292874, at *2 (E.D. Cal. Feb. 4, 2026); *Nguyen v. Charles*, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *5 (E.D. Cal. Dec. 4, 2025); *Sied v. Nielsen*, No. 17-cv-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 722 (W.D. Wash. 2025).

When considering petitioner's current period of detention combined with the period of detention in 2021, petitioner has shown that he has been detained, in total, for more than six months, i.e., 180 days, under 8 U.S.C. § 1231(a)(6). The record before the court establishes that petitioner's detention under § 1231(a)(6) commenced on March 12, 2021, when the order of removal became final. In his petition, petitioner alleged that he was an order of removal was issued in May 2021. ECF No. 1 at 2. In the return, however, respondents have asserted that the

removal order was issued on February 10, 2021, and have presented documentary evidence corroborating this, including a copy of the removal order. ECF No. 9 at 2 & Exs. 1-2. Petitioner in his traverse does not dispute this fact, *see* ECF No. 10 at 2, and the record before the court does not indicate that it is erroneous. *See* ECF No. 9, Exs. 1-2. As such, the court accepts respondents' representation that petitioner was ordered removed by an order of an Immigration Judge on February 10, 2021. *See* 28 U.S.C. § 2248; *Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

The removal order became final on March 12, 2021. Although the allegations of the petition are silent on the issue, respondents represent, and present supportive documentary evidence, that petitioner did not appeal the removal order. ECF No. 9 at 2 & Exs. 3-4. Again, petitioner does not contest this fact in his traverse and nothing in the record contradicts this representation; the court therefore accepts it as true. *See* 28 U.S.C. § 2248; *Phillips*, 451 F.2d at 919. Under the regulations operative at the time, the removal order became final thirty days after its issuance absent an appeal. 8 U.S.C.A. § 1101(a)(47)(B); 8 C.F.R. § 3.38(b) (1996); *see* ECF No. 9, Ex. 2 at 2 (informing petitioner of same). Ergo, petitioner's order of removal became final on March 12, 2021, and thus his period of detention under 8 U.S.C. § 1231(a)(6) commenced on that date.

The uncontested record before the court establishes that petitioner was released from immigration custody in May 2021. In his petition, petitioner alleged that he was released from detention in "May 2021," ECF No. 1 at 4, and respondents do not dispute this, nor otherwise address petitioner's release date in 2021, nor is there other evidence in the record disputing that he was released from detention in May 2021. *See* ECF No. 9. In his traverse, petitioner represents that he was released on May 12, 2021, specifically. ECF No. 10 at 2 & n.1. The court, however, is disinclined to make a finding that May 12, 2021 was petitioner's release date. The only place this factual representation appears is in petitioner's traverse, prepared by counsel. This is not a verified pleading, *see* ECF No. 10 at 10, in contrast to the petition, *see* ECF No. 1 at 21, and thus the court is not empowered to accept the factual representations contained in it as true in the same way it accepts as true the factual representations made in a verified petition. *See*, *e.g.*,

6

*Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1400 (9th Cir. 1998).  The record otherwise does not contain any other information that would sustain the finding that May 12, 2021 was petitioner's release date, such as, for instance, documentary exhibits or affidavits from knowledgeable persons indicating this was the date of release.  *See* ECF Nos. 1, 9, 10.  Rather, the only established fact in the record about petitioner's date of release is that it occurred in May 2021.  *See* ECF No. 1 at 4.  As a result of this lack of specificity, the record does not demonstrate that petitioner was detained from March 12, 2021 to May 12, 2021 under § 1231(a)(6), but merely that petitioner was detained at least 50 days, from March 12, 2021 to May 1, 2021.  When considered together with petitioner's current period of detention – which totals 133 days as of the date of this order – petitioner has shown that his current detention exceeds the presumptively-reasonable 180 days.

Petitioner has also "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *See Zadvydas*, 533 U.S. at 701. Petitioner alleges, and respondents concede, that petitioner was ordered removed to Laos in 2021, and respondents took no steps to remove him for at least four years, until his detention in December 2025.  *See* ECF No. 1 at 2-3; ECF No. 9 at 2-5.  Respondents further do not contest petitioner's allegation that, since petitioner's December 2025 arrest, ICE has produced no travel documents for his removal.  *See* ECF No. 1 at 2; ECF No. 9; *see generally* Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").  Respondents have presented no factual averments or tendered any documentary materials indicating that they have acquired travel documents for petitioner to be repatriated to Laos, or that they have taken any steps to acquire such documents.  *See generally* ECF No. 9.

On this record, petitioner has met his burden to show there exists good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.  Courts have generally held that this showing has been made when significant time has elapsed since the removal order was issued and there is no evidence in the record that ICE is actively taking steps to remove the petitioner.  *See, e.g., Nguyen v. Charles*, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *4 (E.D. Cal. Dec. 4, 2025) (finding for

7

petitioner where no efforts towards removal had occurred within 18 months of the removal order); *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 48 (D.D.C. 2002) (same, where three months had elapsed since removal order with no efforts towards removal). Here, in light of the uncontested record that respondents have not effectuated petitioner's removal in the five years since the removal order became final and the uncontested allegations that respondents have yet to produce any travel documents authorizing petitioner's removal to Laos, or anywhere else, petitioner has met his burden to show "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. For the same reasons, respondents have not rebutted this showing. *See id.*; *see, e.g.*, *Nguyen*, No. 1:25-CV-1708 AC P, 2026 WL 292874, at *3; *Asfestani v. Warden*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025). Accordingly, petitioner has shown by a preponderance of the evidence that his current detention violates his rights to due process of law, under the Fifth Amendment, as set forth in *Zadvydas*, 533 U.S. 678. On this basis, the undersigned recommends the writ be granted.

### 2. Claims Two and Three

In his second claim for relief, petitioner alleges that the third country removal procedures to which he may be subject violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations, and the Administrative Procedures Act. ECF No. 1 at 15-16. In his third claim for relief, petitioner alleges that, to the extent respondents' third-country removal policy is punitive, it violates his rights under the Fifth and Eighth Amendments. *Id.* at 16-17. The undersigned recommends that both claims be denied.

Under Article III of the Constitution, a petitioner seeking a writ of habeas corpus in the federal courts must demonstrate he has standing to bring his claims. *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997); *Cox v. McCarthy,* 829 F.2d 800, 802-03 (9th Cir. 1987); *see generally DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). To satisfy this requirement, the petitioner "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the [respondents]; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 412,

8

423 (2021).

Here, petitioner fails to allege an actual or imminent injury sufficient to demonstrate he has standing to bring Claims Two and Three.  Nothing in the record indicates that respondents have sought or will seek petitioner's removal to any third country at all, let alone any indication that he may be removed to a country where he will suffer the equivalent of criminal punishment.  *See* ECF Nos. 1, 9, 10.  Instead, petitioner's allegations comprising these claims are premised only on the hypothetical of his possible removal to an unspecified third country.  *See* ECF No. 1 at 207, 15-17.  This, however, reflects merely "unadorned speculation" of a "possible future injury," which the Supreme Court has repeatedly found insufficient to confer standing. *See Whitmore v. Arkans*as, 495 U.S. 149, 158 (1990) (collecting cases); *see, e.g.*, *Palencia v. Warden, et al.*, No. 1:26-CV-1058 DJC CSK, 2026 WL 818580, at \*5 (E.D. Cal. Mar. 25, 2026), *report and recommendation adopted*, No. 1:26-CV-01058-DJC-CSK, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (concluding same); *Vang v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-0892-DJC-CKD P, 2026 WL 694111, at \*2 (E.D. Cal. Mar. 12, 2026), *report and recommendation adopted*, No. 1:26-CV-0892-DJC-CKD P, 2026 WL 783964 (E.D. Cal. Mar. 19, 2026) (same); *Saqib v. Andrews*, No. 1:25-CV-2035 DC CSK P, 2026 WL 350830, at \*7 (E.D. Cal. Feb. 9, 2026), *report and recommendation adopted*, No. 1:25-CV-02035-DC-CSK (HC), 2026 WL 440566 (E.D. Cal. Feb. 17, 2026) (same); *Duong v. Warden, Golden State Annex Det. Facility*, No. 1:25-CV-1771 DAD CSK P, 2026 WL 177767, at \*10 (E.D. Cal. Jan. 22, 2026), *report and recommendation adopted*, No. 1:25-CV-01771-DAD-CSK, 2026 WL 330628 (E.D. Cal. Feb. 6, 2026) (same); *but see Sarfarzi-Esfahari v. Murray*, No. 1:25-CV-00774-JLT-EPG-HC, 2026 WL 192347, at \*8 (E.D. Cal. Jan. 26, 2026), *report and recommendation adopted in part, rejected in part*, No. 1:25-CV-00774 JLT EPG (HC), 2026 WL 523668 (E.D. Cal. Feb. 25, 2026) (finding petitioner had demonstrated standing because the alleged harm was traceable to a written policy).

Therefore, because petitioner has failed to establish standing as to Claims Two and Three of his petition for habeas corpus, petitioner has not met his burden to demonstrate his entitlement to relief on these claims and the undersigned recommends they be denied. *See DaimlerChrysler*

*Corp.*, 547 U.S. at 352.

**3. Claim Four**

In his fourth claim for relief, petitioner alleges that his continued detention violates the due process clause of the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedures Act. ECF No. 1 at 18-19. Respondent does not oppose the petition on this basis nor offer any opposition to the factual allegations that comprise it. *See* ECF No. 9. For the reasons set forth below, the undersigned recommends the writ be granted on this alternative basis.

As a matter of due process, government agencies are required to follow their own regulations. *See United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The relevant governing regulations, set forth at 8 C.F.R. § 241.13, establish "review procedures for those aliens who are subject to a final order of removal and are detained . . . after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." These regulations provide, inter alia:

> (i) Revocation of release—
> […]
> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.
> (3) Revocation procedures. Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i).

Petitioner alleges that, in violation of subdivision (2) of 8 C.F.R. § 241.13(i), respondents detained him without having demonstrated that there was a significant likelihood that petitioner would be removed in the reasonably foreseeable future. ECF No. 1 at 18. He also alleges that, violation of 8 C.F.R. § 241.13(i)(3), respondents did not give him notice of the reasons for revoking his supervised release and did not provide him a prompt initial interview to afford petitioner an opportunity to respond to the reasons for revocation. *Id.*; *see also* ECF No. 10 at 9. Respondents do not contest any of these allegations, ECF No. 9, and there is nothing in the record before the court indicating these allegations are false. *See* ECF Nos. 1, 9, 10; *see generally* 28 U.S.C. § 2248. Accordingly, the undersigned finds that petitioner has shown by a preponderance of evidence that his due process rights were violated by respondents' detention of him, the process of which violated 8 C.F.R. § 241.13(i). *See, e.g.*, *Hernandez*, No. 1:26-CV-00486-TLN-SCR, 2026 WL 252241, at *2-4 (holding same); *Asfestani*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *5 (holding same); *Vu*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *7-8 (holding same); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025) (holding same); *see also Nguyen*, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *4. The undersigned recommends relief be granted on this claim.

**4. Relief**

As relief on Claims One and Four, petitioner requests that the court order his immediate release and order that respondents may not redetain petitioner while his application for pardon is pending with the Governor of the State of California. ECF No. 1 at 20. Given the nature of the constitutional injuries demonstrated in Claims One and Four, petitioner's immediate release under his previous terms of supervision is the appropriate remedy. *See, e.g.*, *Nguyen*, No. 1:25-CV-1708 AC P, 2026 WL 292874, at *3; *Asfestani*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *6; *Nguyen*, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *4. Should respondents redetain petitioner, they must do so in a manner that complies with 8 U.S.C. § 1231, 8 C.F.R. § 241.13, and the due process clause of the Fifth Amendment and, to the extent respondents seek to remove petitioner to a third country, petitioner is entitled to adequate notice as well as the opportunity to claim a fear of persecution or torture as to such country. *See Andriasian v. I.N.S.*,

11

180 F.3d 1033, 1041 (9th Cir. 1999) (holding that "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both agency regulations and the constitutional right to due process"). Petitioner has not demonstrated, however, any legal basis on which the court may order that respondents may not effectuate his removal while his application for pardon is pending, *see* ECF Nos. 1, 10, and the court recommends that particular request be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ordered to immediately release petitioner, Loua Thor (A-023-881-074), under the previously imposed conditions of supervision.

3) Respondents be ENJOINED AND RESTRAINED from revoking petitioner's supervision unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and the requirements of due process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 27, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

12